IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES BURTON | CRIMINAL ACTION<br>NO. 11-163-1<br><br>CIVIL ACTION<br>NO. 14-3428 |
|---|---|

MEMORANDUM

**Baylson, J.**                                                                                                               August 6th    , 2014

Upon consideration of the petition under 28 U.S.C. § 2255 by Charles Burton, the Court has reviewed the allegations and the government's response.   The petitioner appears to be asserting a single claim of ineffective counsel because his attorney, at both his pretrial motion to suppress and at trial, did not secure the attendance of an alleged witness.   Upon reviewing the papers presented, this witness appears to have been a female caller to the police 911 system who reported individuals in a vehicle with guns. When the police acted upon this report and stopped the vehicle, police identified Mr. Burton as being in the possession of a gun, for which he was convicted at trial.

There is no evidence in the record that if petitioner's counsel had secured the identity of, and subpoenaed, the 911 caller, the result would be any different.   The Court denied petitioner's motion to suppress and has conviction was affirmed on appeal.   Under the well-known standards of *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner must show not only ineffective counsel, but prejudice from the alleged ineffective conduct by counsel.   In this case, petitioner has not shown either one, and there are no other grounds for relief presented.

An appropriate Order follows.

O:\Criminal Cases\11-163 Burton, US v\11cr163.memo.2255.docx